UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL ALEXANDER YOUNG                    CIVIL ACTION

VERSUS                                     NO. 25-1327

ORLEANS PARISH SHERIFF'S OFFICE, *et al.*    SECTION M (2)

## <u>ORDER</u>

In the days after the magistrate judge issued her Report and Recommendation ("R&R"),[1] plaintiff Michael Alexander Young filed four separate memoranda – one titled "Medical Condition Report"[2] and three others purporting to be installments of what he calls "The Whole Truth Report"[3] – which, together, the Court will generously construe as objections to the R&R.   Having considered Young's objections, the magistrate judge's R&R, the complaint, the record, and the applicable law, the Court approves the R&R and adopts it as its opinion in this matter.

This is a prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983.[4]   Young is proceeding *in forma pauperis*.[5]   In his complaint, Young alleges that Orleans Parish Sheriff Susan Hutson failed to follow her inmate handbook, that several prison officers used excessive force against Young, and that the conditions of his confinement were unconstitutional.[6]   To assess Young's claims, the magistrate judge conducted a video conference with Young on November 25, 2025, at which he was sworn and testified for all purposes permitted by *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).[7] After considering Young's testimony at the *Spears* hearing and the information set forth in his

---

[1] R. Doc. 25.
[2] R. Doc. 26.
[3] R. Docs. 27; 28; 29.
[4] R. Doc. 6 at 1.
[5] R. Doc. 8.
[6] R. Doc. 6 at 5-7.
[7] R. Doc. 14.

complaint, the magistrate judge recommended dismissal of Young's § 1983 claims against defendants Orleans Parish Sheriff's Office, Sheriff Susan Hutson, Chief Mallet, Major Gio, Captain Amacker, Captain Gains, Lieutenant Johnson, Sergeant Dunn, Deputy Woods, Deputy Babycos, Deputy Le, Captain Johnson, and Sergeant Bowen, as she found that those claims are frivolous and fail to state a claim for which relief can be granted.[8]   However, the magistrate judge recommended that Young be allowed to proceed on his excessive force claim against Deputy Bailey for an incident that occurred on or around June 5, 2025.[9]

The R&R was issued on May 22, 2026, and it stated that objections to the R&R were due fourteen days after the parties were served with copies of the R&R.[10]   Although the Court received no explicit objections from Young, Young filed the four memoranda dated between May 29, 2026, and June 6, 2026.[11]   Because Young's memoranda were filed within or close to the allotted time period for filing objections to the R&R,[12] and because the Court has not received any express objections from Young, the Court will – for Young's benefit – construe the filings as objections to the magistrate judge's R&R.

To the extent that Young's filings amount to objections to the R&R, they are overruled. Young's filings are, at best, a stream-of-consciousness recounting of the events underlying his claims as he described those events to the magistrate judge at the *Spears* hearing conducted on

---

[8] R. Doc. 25 at 49-50.

[9] *Id.* at 50.

[10] *Id.*

[11] *See* R. Docs. 26 at 1-2 ("Medical Condition Report" dated May 29, 2026); 27 at 1-2 ("The Whole Truth Report" dated May 30, 2026, at page one and dated May 31, 2026, at page two); 28 at 1-2 ("The Whole Truth Report Continued" dated June 3, 2026); 29 at 1-2 ("The Whole Truth Report Continued" dated June 3, 2026, at page one and dated June 6, 2026, at page two).

[12] June 6, 2026, the latest date on Young's filings, is 15 days after May 22, 2026, the date of the R&R's issuance.   However, the Court will not consider Young's memoranda (insofar as they can be considered objections) untimely because of standard delays in prison mail, and because "a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (citing *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011)).

November 25.[13]   He also expresses his appreciation to the magistrate judge for her patience in handling the case.[14]   At the end of his last memorandum, Young does request that the Court "consider … that mace is considered a weapon,"[15] although he does not assert that the magistrate judge improperly construed any one of his claims based on a finding that mace is not a weapon. The magistrate judge recommended dismissal of each of Young's excessive force claims that involved the prison officials' use of mace not because she did not consider mace to be a weapon, but because Young admitted that the use of mace came only after his noncompliance with orders and because Young failed to allege that he sustained an injury from the mace.[16]

The Court finds that the magistrate judge properly found that Young's § 1983 claims against the Orleans Parish Sheriff's Office, Sheriff Susan Hutson, Deputy Babycos, Deputy Le, Captain Johnson, Deputy Woods, Captain Gains, Chief Mallet, Major Gio, Sergeant Dunn, Captain Amacker, or Sergeant Bowen were frivolous and otherwise failed to state a claim for relief.   She also properly found that Young adequately stated a claim against Deputy Bailey for excessive force under § 1983 for the June 5, 2025 incident.   Young's memoranda point to no specific legal or factual error he purports the magistrate judge made in her ruling, and he does not provide additional material facts relating to his claims.   As a result, to the extent that Young's memoranda can be considered objections to the magistrate judge's R&R, the objections are overruled.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Court adopts the magistrate judge's R&R (R. Doc. 25) as its

---

[13] Young's filings also include a number of impertinent, and sometimes offensive, statements about other inmates, prison officials, and unrelated parties.  *See, e.g.*, R. Docs. 27 at 18-19 (explaining his personal history with the inmates who recently escaped from Orleans Parish Prison); 26 at 13-14 (making gratuitous, irrelevant, and inappropriate comments about a female prison official); 29 at 8-9 (explaining that, at age 21, he observed an individual shoot another individual in Dallas, Texas).

[14] R. Doc. 29 at 31.

[15] *Id.* at 32.

[16] R. Doc. 25 at 29-30.

opinion in this matter.

IT IS FURTHER ORDERED that Young's § 1983 claims against defendants Orleans Parish Sheriff's Office, Sheriff Susan Hutson, Chief Mallet, Major Gio, Captain Amacker, Captain Gains, Lieutenant Johnson, Sergeant Dunn, Deputy Woods, Deputy Babycos, Deputy Le, Captain Johnson, and Sergeant Bowen are DISMISSED pursuant to 28 U.S.C. § 1915, § 1915(e), § 1915A, and, as applicable, 42 U.S.C. § 1997e as frivolous and otherwise for failure to state a claim for which relief can be granted.

IT IS FURTHER ORDERED that Young's excessive force claim against Deputy Bailey for an incident that occurred on or around June 5, 2025, is allowed to proceed.

New Orleans, Louisiana, this 29th day of June, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE